## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## VICTORIA DIVISION

| | | |
|---|---|---|
| TEXAS PRECIOUS METALS, LLC | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | Case No: _6:24-cv-00038_____ |
| | ) | |
| LINCOLN TREASURY, LLC | ) | **Jury Trial Demanded** |
| | ) | |
| *Defendant.* | ) | |
| | ) | |

## <u>Complaint</u>

Plaintiff Texas Precious Metals, LLC ("TPM") complains against defendant Lincoln Treasury, LLC ("Defendant" or "Lincoln Treasury") as follows:

### *Introduction*

1.        This case arises from Defendant's infringement of TPM's federally registered image trademarks consisting of the silhouette of the State of Texas, under which TPM has sold and marketed precious metals since at least March 2011. Despite TPM's longstanding use of its image trademarks, Defendant is selling its own rounds (the industry term for non-government-issued, non-monetary coins) and bars bearing an image of the State of Texas confusingly similar to TPM's trademarks. Therefore, TPM brings suit to protect its valuable trademark rights in the face of Defendant's ongoing, intentional infringement.

### The Parties

2.      Plaintiff TPM is a limited liability company duly organized and existing under the laws of the State of Texas. TPM has its principal place of business at 959 State Hwy 95 N, Shiner, Texas.

3.      On information and belief, defendant Lincoln Treasury is a limited liability company organized under the laws of the State of Ohio. Lincoln Treasury has its principal place of business at 8000 Freedom Ave NW, North Canton, Ohio.

4.      On information and belief, Lincoln Treasury is owned, operated, or controlled by a natural person named Andy Kutscher.  On information and belief, Mr. Kutscher is an adult resident of the State of Ohio.  On information and belief, Mr. Kutscher owns, operates, or controls (or previously owned, operated, or controlled) another entity known as United States Reserve, LLC, doing business as Federated Mint. On or about June 19, 2017, TPM filed a trademark infringement action against United States Reserve in the United States District Court for the Southern District of Texas, Case No. 17-cv-0037. On or about, September 28, 2017, TPM entered into a Confidential Settlement Agreement and License with United States Reserve. Mr. Kutscher signed that settlement agreement on behalf of United States Reserve on or about September 28, 2017. Accordingly, on information and belief, Mr. Kutscher has known of TPM and its marks and products since at least 2017 and knowingly and intentionally has created another entity by which he is selling products that infringe TPM's trademarks contrary to the terms of the 2017 settlement agreement.

- 2 -

*Jurisdiction and Venue*

5.      TPM's claims arise under the Lanham Act, 15 U.S.C. §§ 1051, *et seq.*, Tex. Bus. & Comm. Code § 16.29, and under Texas common law.

6.      This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a) and (b), and 1367(a).

7.      This Court has personal jurisdiction over Defendant because Lincoln Treasury regularly conducts its business within this judicial district and has committed one or more of the acts complained of in this Complaint within this judicial district, including knowingly offering for sale and selling its silver rounds and bars that infringe TPM's trademarks in this district. Moreover, on information and belief, Defendant is owned, operated, and controlled by Mr. Andy Kutscher who has known of TPM, its products, and its marks since at least 2017, when another company controlled by Mr. Kutscher was infringing TPM's marks, leading to a prior trademark infringement suit. Mr. Kutscher personally signed a settlement agreement with TPM resolving this prior suit in 2017. That is, Lincoln Treasury's past and ongoing infringement of TPM's trademark rights has been and is knowingly aimed at TPM in this district and amounts to purposeful availment of jurisdiction in this judicial district.

8.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because a substantial part of Defendant's infringement of TPM's federally registered trademarks occurs in this district.

*TPM's Nationwide Reputation*

9.      TPM was founded in 2011 and is a subsidiary of Kaspar Companies, Inc., a 126 year-old, fifth-generation, family-owned Texas business. TPM has produced, marketed, and sold precious metal products under its Texas Silhouette Marks since at least March 2011. In its thirteen-year history, TPM has processed more than $2.9 billion in client transactions in excess of over 150,000 orders, accounting for more than 2351 metric tons of gold and silver.

10.      TPM operates a highly trafficked e-commerce platform, https://www.texmetals.com/, as well as a retail location and precious metals depository. TPM also offers precious metals, commemorative rounds, and bullion for sale online by phone and in person. TPM ships products to all fifty states.

11.      TPM has enjoyed a hard-earned reputation and brand in the nationwide precious metals market. For example, TPM is rated A+ with the Better Business Bureau and has been recognized by the United States Mint as an official bullion dealer. In 2014, TPM was recognized as the "Number 1 Fastest Growing Aggie-Owned or Led Business in the World" by Texas A&M University. In 2015, Inc. Magazine named TPM as the 200th Fastest Growing Private Company in America. TPM's corporate partnership with shipping provider UPS is so strong that TPM has been featured by UPS in a national television commercial.

12.      Today, TPM has become a well-known brand in both domestic and international precious metals markets.

- 4 -

*TPM's Texas Silhouette Marks*

13.     TPM first used the silhouette of the State of Texas as a service mark in commerce at least as early as March 31, 2011.

14.     TPM registered the image mark containing a circle with the words "TEXAS" at the top edge of the circle, "PRECIOUS METALS" at the bottom edge of the circle, and in the center of the circle there is a drawing of the State of Texas having an overlay drawing of a five-pointed star, on the Principal Register of the U.S. Patent and Trademark Office in August 2015, in International Class 014, identifying the goods, "non-monetary coins," under Registration Number  4,788,152 (the "'152 Registration"). TPM's '152 Registration is depicted in the image below:



15.     On or about November 4, 2021, the United States Patent and Trademark Office acknowledged TPM's declaration of incontestability for the '152 Registration which constitutes conclusive evidence of (i) the mark's validity; (ii) TPM's ownership of the mark; and (iii) TPM's exclusive right to use such registered mark in connection with the goods set forth within each registration pursuant to 15 U.S.C. § 1115(b).

42499979v.2

16.     TPM registered the image mark consisting of the silhouette of the State of Texas on the Principal Registrar of the U.S. Patent and Trademark Office in January 2017, in International Class 014, identifying the goods, "precious metals; non-monetary coins, namely, rounds; and bullion," under Registration Number 5,113,004 (the "'004 Registration"). TPM registered the identical image mark consisting of the silhouette of the State of Texas in January 2017, in International Class 035, identifying the services, "online retail store feature gold and silver and other rare metals, coins, and bullion," under Registration Number 5,113,005 (the "'005 Registration"). TPM's '004 and '005 Registrations are depicted in the image below:



17.     On or about June 14, 2023, the United States Patent and Trademark Office acknowledged TPM's declaration of incontestability for the '004 and '005 Registrations which constitutes conclusive evidence of (i) the marks' validity; (ii) TPM's ownership of the marks; and (iii) TPM's exclusive right to use such registered marks in connection with the goods set forth within each registration pursuant to 15 U.S.C. § 1115(b).

18.     True and correct copies of the '152 Registration, '004 Registration, and '005 Registration are attached to this Complaint as **Exhibit A**. In this Complaint, TPM refers to these marks collectively as its "Texas Silhouette Marks."

19.     TPM has expended considerable effort, time, and money offering quality products and services under the Texas Silhouette Marks. As a result, the Texas Silhouette Marks have come to identify the business, services, and products of TPM. Such marks, with regard to sales of precious metals, have become distinctive, and have obtained a meaning and significance beyond the shape of the State of Texas.

20.     TPM utilizes its Texas Silhouette Marks on several of its major products, including the "Texas Silver Round" (a one-ounce commemorative silver round), the "Texas Mint Silver Bar" (commemorative silver bars in one-ounce, ten-ounce, and one-hundred-ounce varieties), the "Texas Gold Round" (a one-ounce commemorative gold mount), and the "Texas Mint Gold Bar" (a one-ounce commemorative gold bar) (collectively, the "Texas-Themed Bullion").

21.     The Texas Silver Round features the Texas Star in the foreground as well as the shape of the State of Texas. The Texas Silver Round containing TPM's signature Texas Silhouette Marks is depicted below:



22.     TPM has spent considerable time, effort, and money marketing the Texas Silver Round, and thus developing the Texas Silhouette Marks. TPM advertises its Texas Silver Round online at https://www.texmetals.com/2024-texas-silver-round, as well as in print media. An image from TPM's online advertisement of the Texas Silver Round is depicted below:





## 2024 Texas Silver Round

| SPECIFICATIONS | IN STOCK |
| --- | --- |
| Year: | 2024 |
| Condition: | Brilliant Uncirculated |
| Weight (Au, Ag, Pt): | 1 ozt |
| Minted by: | Texas Mint |
| Mintage: | N/A |
| Face Value: | N/A |
| IRA: | Eligible |
| Packaging: | Plastic Tube |
| Coins Per Tube: | 25 |
| Purity: | .9999 |
| Sell to Us: | Spot + $0.45/oz |

| QUANTITY | ACH / WIRE | CREDIT CARD |
| --- | --- | --- |
| 1-24 | $37.98 | $39.50 |
| 25-99 | $37.58 | $39.08 |
| 100-499 | $37.28 | $38.77 |
| 500+ | $36.98 | $38.46 |

| QTY | ADD TO CART |
| --- | --- |

- 8 -

23.     The Texas Silver Round has grown to become one of the most popular precious metals products sold in Texas. Since 2013, TPM has sold more than 3.9 million Texas Silver Rounds into circulation.

24.     The Texas Mint Silver Bar features the iconic shape of the State of Texas. The Texas Mint Silver Bar also contains the Registered Trademark symbol "®" indicating that TPM owns the rights to this symbol in connection with precious metals, rounds, and bullion. The reverse of the bar features roughly 50 full-size icons of the Texas Silhouette Marks, along with another "®" symbol featured in a small five-pointed star. Each bar measures 88.9 mm x 50.8 mm x 6.35 mm. Both the weight of the bar and the purity are guaranteed by TPM.

25.     The Texas Mint Silver Bar, containing TPM's Texas Silhouette Marks is depicted below:

 

26.     TPM has spent considerable time, effort, and money marketing the Texas Mint Silver Bar, and thus developing the Texas Silhouette Marks. TPM advertises its Texas Mint Silver Bar online at https://www.texmetals.com/10-oz-texas-silver-bar-classic-style,  as well as in print media. An image from TPM's online advertisement of the Texas Mint Silver Bar is depicted below:



27.     The Texas Mint Silver Bar has been produced and sold by TPM for at least 11 years, has sold more than 247,000 individual bars, and has become a staple in the TPM product line.

28.     The Texas-Themed Bullion, including the Texas Silver Round and Texas Mint Silver Bar, have helped TPM become a household name for precious metals in Texas. TPM's Texas-Themed Bullion and its Texas Silhouette Marks are recognized throughout the precious metals industry. Texas-Themed Bullion products are

distributed widely by A-Mark Precious Metals, Inc., a publicly traded precious metals distributor that is one of the few authorized distributors of the U.S. Mint and one of the largest precious metals distributors worldwide. Texas-Themed Bullion products are also sold by numerous precious metals retailers such as JM Bullion, Provident Metals, Silver.com, and many others. Federally regulated IRA custodians such as Goldstar Trust, Strata Trust, Horizon Trust, New Direction IRA, and others accept Texas-Themed Bullion products as acceptable mint marks for retirement accounts.

*Defendant's Infringing Products*

29.     Notwithstanding TPM's prior, continuous, and extensive use of the Texas Silhouette Marks, Defendant recently began marketing and selling its infringing bullion, including its "State Silver Bar" and "State Morgan Silver Dollars Rolls," bearing images confusingly similar to TPM's Texas Silhouette Marks (collectively, "Defendant's Infringing Products") in Texas and throughout the United States of America. Defendant's Infringing Products are depicted below:





State Silver Bar                    State Morgan Silver
                                    Dollars Rolls

30.     Defendant's Infringing Products display the silhouette of the State of

Texas into Defendant's State Silver Bar and on the State Morgan Silver Dollars Rolls.

Defendant markets these products on its website: https://lincolntreasury.com/ and

marketed as "Today's Vault Finds." True and correct excerpts from Defendant's

webpage are reproduced as follows:



42499979v.2



31.     Defendant ships its precious metals in the form of rounds and bars,

including Defendant's Infringing Products, to customers in the State of Texas. A true

and correct screenshot of an email from customerservice@lincolntreasury.com showing

that Defendant sells its infringing rounds and bars is shown below:



32.     Confusion is inevitable by any use of TPM's Texas Silhouette Marks along with any precious metal rounds or bars and will put at risk TPM's hard-earned reputation. Therefore, Defendant's conduct has and continues to irreparably harm TPM's reputation in the precious metals marketplace.

33.     Moreover, on information and belief, Defendant is owned, operated, and controlled by Mr. Andy Kutscher who has known of TPM, its products, and its Texas Silhouette Marks since at least 2017.  On information and belief, Mr. Kutscher owns, operates, or controls another entity known as United States Reserve, LLC, doing business as Federated Mint.  On or about June 19, 2017, TPM filed a trademark infringement action against United States Reserve in the United States District Court for the Southern District of Texas, Case No. 17-cv-0037.  On or about, September 28, 2017, TPM entered into a Confidential Settlement Agreement and License with United States Reserve. Mr. Kutscher signed that settlement agreement on behalf of United States Reserve on or about September 28, 2017. Accordingly, on information and belief, Mr. Kutscher has known of TPM and its marks and products since at least 2017 and knowingly and intentionally has created another entity by which he is selling products that infringe TPM's trademarks contrary to the terms of the 2017 settlement agreement. Defendant's and Mr. Kutscher's infringement of the Texas Silhouette Marks is ongoing. Accordingly, Defendant's ongoing infringement of the Texas Silhouette Marks is willful, deliberate, and done with knowledge of TPM's trademark rights.

34.     This is an exceptional case under 15 U.S.C. § 1117, and TPM is entitled to recover under that section, including its reasonable attorneys' fees.

## COUNT I

*Lanham Act Violation - Federal Trademark Infringement -15 U.S.C. § 1114*

35.     TPM incorporates the allegations of Paragraphs 1-34 of this Complaint by reference into this Count I as though fully set forth herein.

36.     TPM owns valid and enforceable rights in the Texas Silhouette Marks used in connection with its products in Texas and elsewhere, as shown in the registration certificates included with this Complaint in **Exhibit A**.

37.     Notwithstanding TPM's prior, continuous, and extensive use of the Texas Silhouette Marks, Defendant has used, reproduced, copied, and imitated the Texas Silhouette Marks in association with the marketing and sale of nearly identical infringing products without TPM's permission.

38.     Defendant's use of the Texas Silhouette Marks in commerce is likely to cause confusion, mistake, and deception as to the source, affiliation, connection, and association of Defendant's infringing products in violation of 15 U.S.C. § 1114.

39.     Upon information and belief, Defendant's actions have been and are willful, deliberate, and done with knowledge of TPM's rights.

40.     TPM has no adequate remedy at law. Defendant's actions complained of in this Complaint have caused TPM damage and injury and unjustly enriched Defendant. Unless enjoined by the Court, Defendant will continue to do the acts complained of herein and cause damage and injury, all to TPM's irreparable harm and to Defendant's unjust enrichment.

## COUNT II
### *Lanham Act Violation - Federal Unfair Competition - 15 U.S.C. § 1125(a)*

41.    TPM incorporates the allegations of Paragraphs 1-34 of this Complaint by reference into this Count II as though fully set forth herein.

42.    Defendant's acts described in this Complaint constitute a violation of 15 U.S.C. § 1125(a), as Defendant has used and continues to use in commerce words, terms, symbols, devices, names, or combinations thereof, or a false designation of origin which are likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendant with TPM, or as to the origin, sponsorship, or approval of Defendant's goods by TPM.

43.    Upon information and belief, Defendant's actions have been and are willful, deliberate, and done with knowledge of TPM's rights.

44.    TPM has no adequate remedy at law. Defendant's actions complained of in this Complaint have caused TPM damage and injury and unjustly enriched Defendant. Unless enjoined by this Court, Defendant will continue to do the acts complained of in this Complaint and cause damage and injury, all to TPM's irreparable harm and to Defendant's unjust enrichment.

## COUNT III
### *Texas Common Law Trademark Infringement*

45.    TPM incorporates the allegations of Paragraphs 1-34 of this Complaint by reference into this Count IV as though fully set forth herein.

46.    TPM enjoys common law trademark rights under the law of the State of Texas in its Texas Silhouette Marks used in connection with its products in the State of

Texas and throughout the United States of America as shown in the registration certificates included with this Complaint in **Exhibit A**.

47.     Notwithstanding TPM's prior, continuous, and extensive use of the Texas Silhouette Marks, Defendant has used, reproduced, counterfeited, copied, and imitated the Texas Silhouette Marks in association with the marketing and sale of nearly identical infringing products without TPM's permission.

48.     Defendant's past and current use of the Texas Silhouette Marks constitutes trademark infringement under the common law of the State of Texas.

49.     Defendant's use of the Texas Silhouette Marks in commerce is likely to cause confusion, mistake, and deception as to the source, affiliation, connection, and association of Defendant's infringing products in violation of Texas common law and to the detriment of TPM.

50.     Upon information and belief, Defendant's actions have been and are willful, deliberate, and done with knowledge of TPM's rights.

51.     TPM has no adequate remedy at law. Defendant's actions complained of in this Complaint have caused TPM damage and injury and unjustly enriched Defendant. Unless enjoined by the Court, Defendant will continue to do the acts complained of herein and cause damage and injury, all to TPM's irreparable harm and Defendant's unjust enrichment.

52.     TPM also seeks recovery of Defendant's profits and of TPM's attorneys' fees.

- 17 -

## COUNT IV
### *Unfair Competition – Texas Bus. & Comm. Code § 16.29*

53.    TPM incorporates the allegations of Paragraphs 1-34 of this Complaint by reference into this Count V as though fully set forth herein.

54.    Defendant's actions complained of above constitute unfair competition in violation of the law of the State of Texas.

55.    Defendant's use of TPM's Texas Silhouette Marks on its silver bullion is calculated to deceive the relevant consuming public into accepting and purchasing Defendant's products and services in the mistaken belief that they are TPM's products and services, or that they are sponsored by, connected with, or supplied under the supervision of TPM.

56.    Defendant's adoption and use of TPM's Texas Silhouette Marks on its goods and services constitutes unfair competition. By such use, Defendant has represented that its goods and services are actually those supplied by TPM. This use creates a likelihood that the public will be confused or deceived.

57.     Defendant's actions constitute dilution, unfair competition, palming off, passing off, unjust enrichment, and misappropriation of TPM's rights under Tex. Bus. & Comm. Code § 16.29 and the common law of the State of Texas. Such actions permit, and will continue to permit, Defendant to use and benefit from the goodwill and reputation earned by TPM to readily obtain customer acceptance of the goods and services offered for sale, and to give Defendant's goods and services a salability they would not otherwise have, all at TPM's expense.

- 18 -

58.     As a result of Defendant's acts, TPM has already suffered damage and will continue to suffer damage, while Defendant profits at TPM's expense. Defendant's activities entitle TPM to Defendant's profits and to damages for such acts of unfair competition.

59.     Unless Defendant is enjoined, TPM has no adequate remedy at law and will be irreparably harmed.

60.     Defendant's acts complained of herein have been and are grossly negligent, deliberate, willful, intentional, in bad faith, malicious, with full knowledge and conscious disregard of TPM's rights and with intent to cause confusion, dilution, and to trade off TPM's vast goodwill in its trademarks, making this an exceptional case and entitling TPM to enhanced damages and attorney's fees.

### *Prayer for Relief*

WHEREFORE, TPM respectfully requests the Court enter judgment in favor of TPM and against Defendant on Counts I through V of this Complaint, granting the following relief:

a)  judgment that Defendant has infringed and is infringing TPM's Texas Silhouette Marks;

b)  judgment that such infringement by Defendant was and is willful;

c)  an award of damages and disgorgement of Defendant's profits and unjust enrichment to TPM in an amount to be determined at trial;

d)  an order for an accounting of Defendant's profits and unjust enrichment;

e)  an award of statutory damages to TPM;

- 19 -

f) an order that Defendant compensate TPM for the advertising or other expenses necessary to dispel any public confusion caused by Defendant's infringement of TPM's Texas Silhouette Marks and other unlawful acts;

g) an order temporarily, preliminarily, and permanently enjoining and restraining Defendant and its officers, agents, servants, employees, successors, assigns, parents, subsidiaries, affiliated or related companies, attorneys, and all others in active concert or participation with Defendant who receive notice of this injunction from:

  i. using TPM's Texas Silhouette Marks or any confusingly similar mark, or colorable imitation thereof, in connection with Defendant's business which may in any way mislead or confuse anyone as to the source, affiliation, or sponsorship of such business;

  ii. otherwise infringing or diluting the distinctive quality of the Texas Silhouette Marks;

  iii. injuring TPM's business reputation and the goodwill associated with the Texas Silhouette Marks and from otherwise unfairly competing, directly or indirectly, with TPM; and

  iv. causing a likelihood of confusion or misunderstanding as to source, sponsorship, association, affiliation, approval, or certification with or by TPM, or engaging in conduct tending to create a false commercial impression of TPM's goods or any other conduct which tends to pass off

Defendant's goods as those of TPM or creates a likelihood of confusion or misunderstanding or false representation;

h) an order directing Defendant to file with the Court, and to serve on TPM, within thirty (30) days after entry of the above injunction, a report in writing, under oath, setting forth in detail the manner and form in which it has complied with the injunction;

i) an award to TPM of increased damages to fully compensate TPM and punitive damages for the willful and wanton nature of Defendant's wrongful acts and because this is an "exceptional" case;

j) an award to TPM of its costs and expenses, including all reasonable attorneys' fees recoverable under the Lanham Act, Texas common law, or any other applicable law or rule; and

k) an award to TPM of pre-judgment and post-judgment interest; and such other and further relief as the Court deems just and equitable.

## *Jury Demand*

TPM demands a trial by jury on all matters and issues properly tried to a jury pursuant to Federal Rules of Civil Procedure 38 and 39 and other applicable state and federal law.

42499979v.2

Dated:  October 31, 2024                Respectfully submitted,


_/s/ Arthur Gollwitzer III_____
Arthur Gollwitzer III
Texas Bar No. 24073336
agollwitzer@jw.com
Melissa S. Ruiz
Texas Bar No. 24128097
mruiz@jw.com
JACKSON WALKER L.L.P.
100 Congress, Suite 1100
Austin, Texas 78701
(512) 236-2000
(512) 236-2002 – Fax

**_Attorneys for Plaintiff_**
**_Texas Precious Metals, LLC_**